IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK07-42005-TLS |
| | ) | |
| ARNOLD DALE KELLER, | ) | CH. 7 |
| | ) | |
| Debtor. | ) | |

### ORDER

Hearing was held in Lincoln, Nebraska, on February 6, 2008, on the Objection to Exemptions filed by the Chapter 7 Trustee (Fil. #10), and Debtor's Resistance thereto (Fil. #11). Andrew Snyder appeared on behalf of Debtor, and Philip M. Kelly appeared as the Chapter 7 Trustee.

The Chapter 7 Trustee objects to Debtor's claim of a homestead exemption in his residential property located at 1240 Missouri Avenue in Alliance, Nebraska ("Property"), because Debtor is unmarried and has not lived in the Property with a spouse or child. Debtor asserts that he did live in the Property with his mother and that he provided care and maintenance to her at various times, although his mother no longer lived at the Property on the date of bankruptcy filing.

In 1994, Debtor became a joint owner of the Property. The other two joint owners are Debtor's mother and brother. Debtor's mother lived alone at the Property from 1994 to 2000. From June 2000 through August 2002, Debtor lived at the Property and provided his mother with financial, physical, and emotional support. At that time, Debtor's mother was not working and was unable to support herself.

In August 2002, Debtor purchased another home near the Property, but continued to provide maintenance and support to his mother. Debtor's new home was subsequently foreclosed, and in June 2006, Debtor moved back into the Property with his mother. According to Debtor's affidavit (Fil. #15), at that time his mother was completely incapable of caring for herself on a day-to-day basis. Debtor continues to reside at the Property to this day, although his mother was placed in a nursing home in October 2007, just prior to Debtor's bankruptcy filing.

Debtor asserts that he qualifies for the homestead exemption under Neb. Rev. Stat. § 40-115 as head of family. That section provides:

> The phrase head of a family, as used in sections 40-101 to 40-116, includes within its meanings every person who has residing on the premises with him or her and under his or her care and maintenance:
> . . . (3) A father, mother, grandfather, or grandmother[.]

Debtor acknowledges that his mother no longer lived at the Property with him on the date of his bankruptcy filing, as she was recently placed in a nursing home. However, Debtor asserts that

once he established his homestead by living with his mother at the Property and providing for her care and maintenance, he should not lose his right to assert the homestead exemption simply because his mother no longer lives at the Property. Debtor asserts that the factual scenario in this case is similar to *In re Uhrich*, 355 B.R. 783 (Bankr. D. Neb. 2006), where an unmarried debtor was found to be entitled to claim a homestead exemption because he was head of a family, having lived in the home with a dependent child, even though on the petition date the child had reached the age of majority and was no longer residing at the home.

The *Uhrich* decision included an analysis of the case of *Palmer v. Sawyer*, 74 Neb. 108, 103 N.W. 1088 (1905), which stands for the proposition that once a property becomes a homestead, it retains that characterization until the property is sold or abandoned. Specifically, when addressing the *Palmer* case, this Court stated:

> The *Palmer* case dealt with a homestead created by a widower who had three minor children living with him when he acquired and moved upon the subject premises. Subsequently, one of the minor children died and the others attained their majority and left home, leaving the father alone in possession and occupancy of the premises. Notwithstanding the fact that no dependents lived with him at the time the judgment attached, the Nebraska Supreme Court determined that he was the "head of the family" within the meaning of the homestead statutes. *Id.* at 1089. The Nebraska court concluded that "when a homestead is once acquired, the right to the continuous enjoyment of it can only be defeated by the voluntary act of the claimant." *Id.* at 1091. Therefore, *Palmer* stands for the proposition that as long as the homestead claimant continues to reside there, the homestead character of the property continues in the claimant even though he/she may subsequently have no children or other dependents residing with him/her.

355 B.R. at 789-90.

The Chapter 7 Trustee's position is that the *Palmer* analysis (once a property becomes a homestead, it retains that characterization until it is sold or abandoned) should be limited to those situations where the homestead is the result of a marriage or a situation, such as *Palmer* and *Uhrich*, where a head of family has raised dependent children at the property. However, the statute, Neb. Rev. Stat. § 40-115, is not so limited. In fact, it expressly includes a situation where a head of family has a father or mother residing on the property with him/her and under his/her care or maintenance. Further, according to the Nebraska Supreme Court, its policy has always been "to give a liberal construction to the homestead law for the purpose of protecting and preserving the home for those who would be benefited by its provisions." *Dougherty v. White,* 112 Neb. 675, 200 N.W. 884, 885 (1924).

The Chapter 7 Trustee also argues that this case is similar to *In re Deines*, Case No. BK07-41799-TJM (Bankr. D. Neb. Dec. 19, 2007), where this Court declined to extend the homestead exemption for a non-marital head of family situation not in existence on the bankruptcy petition date. However, in that case it was specifically noted that the periodic living arrangement

between debtor and her brother was nothing more than a temporary living arrangement that did not create a household. Here, it is clear that Debtor had established his permanent home at the Property and lived there with his mother, providing for her care and maintenance. It was not just a temporary or transient living arrangement. He became a head of family as defined in Neb. Rev. Stat. § 40-115.

I find that Debtor had established his right to a homestead exemption in the Property which continued as of the bankruptcy filing date even though Debtor's mother no longer lived at the Property as of the bankruptcy filing date. *See Palmer v. Sawyer*, 74 Neb. 108, 103 N.W. 1088 (1905).

IT IS, THEREFORE, ORDERED that the Chapter 7 Trustee's Objection to Exemptions (Fil. #10) is overruled.

DATED: February 8, 2008.

BY THE COURT:

/s/ Thomas L. Saladino
United States Bankruptcy Judge

Notice given by the Court to:
    Andrew Snyder
    *Philip M. Kelly
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.